Ellen **WALLINGSFORD, Appellant,**

v.

**CITY OF MAPLEWOOD, Respondent.**

No. SC 89862.

Supreme Court of Missouri,
En Banc.

June 30, 2009.

**684**

James R. Dowd, James R. Dowd Attorney & Counselor at Law, LLC, John E. Toma, Jr., Melissa M. Zensen, St. Louis, MO, for Appellant.

Terry L. Potter, Laura B. Staley, Husch Blackwell Sanders, LLP, St. Louis, for Respondent.

RICHARD B. TEITELMAN, Judge.

Ellen Wallingsford appeals from a summary judgment in favor of the city of Maplewood on her claims of gender discrimination and hostile work environment. The dispositive issue is whether Wallingsford's claims are barred by section 213.075.1, RSMo 2000.[1] That section, a part of the Missouri Human Rights Act (act), requires an individual alleging unlawful discrimination to file a discrimination complaint with the Missouri Human Rights Commission (commission) within "one hundred eighty days of the alleged act of discrimination." Wallingsford filed her discrimination complaint on January 20, 2005, alleging that she was constructively discharged on August 30, 2004, and that her discharge was a direct result of ongoing gender discrimination by Maplewood.[2] Because Wallingsford's complaint was filed 144 days after the alleged constructive discharge, it was timely. Consequently, the judgment is reversed, and the case is remanded.

### FACTS

Wallingsford served as a Maplewood police officer from August 26, 1986, until her resignation August 29, 2004. Wallingsford filed a charge of discrimination with the

---

1. All statutory citations are to RSMo 2000.

2. Although Wallingsford's petition references the date of her resignation as August 30, 2004, her letter of resignation was tendered to Maplewood August 29, 2004.

commission on January 20, 2005. The commission issued a right to sue letter in January 2006. Wallingsford filed suit on March 29, 2006, alleging gender discrimination, hostile work environment, retaliation and intentional infliction of emotional distress. The discriminatory actions alleged included abusive behavior by male colleagues, baseless internal investigations, failures to promote and "sham" evaluations. In her discrimination complaint as well as in her petition, Wallingsford specifically alleged that the discrimination "continued throughout her employment through and including her constructive discharge on August 30, 2004."

On May 9, 2006, Maplewood filed a motion to dismiss the petition. The trial court treated the motion to dismiss as a motion for summary judgment and entered summary judgment in favor of Maplewood on the ground that Wallingsford's suit was untimely because she failed to allege an act of discrimination that occurred within 180 days of filing her discrimination complaint with the commission. Wallingsford appeals.

### ANALYSIS

■■ Appellate review of summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.* A "genuine issue" that will prevent summary judgment exists where the record shows two plausible but contradictory accounts of the essential facts. *Id.* at 382. The record is reviewed in the light most favorable to the party against whom judgment was entered. *Id.* at 376. The moving party bears the burden of establishing a legal right to judg-

ment and the absence of any genuine issue of material fact required to support the claimed right to judgment. *Id.* at 376–81.

The act prohibits an employer from discriminating against an individual "with respect to his [or her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, national origin, sex, ancestry, age, or disability...." Section 213.055. 1(1)(a). An individual alleging unlawful employment discrimination must file a complaint with the commission within 180 days of the alleged act of discrimination. Section 213.075.1. The filing requirements are subject to the continuing violation exception, which permits a plaintiff to recover for acts of discrimination occurring prior to the 180–day filing period if the discrimination is a series of interrelated events. *Pollock v. Wetterau Food Distribution Group*, 11 S.W.3d 754, 762 (Mo.App.1999); *Rowe v. Hussmann Corporation*, 381 F.3d 775, 782 (8th Cir.2004). Wallingsford's claim is timely, therefore, if she alleged that Maplewood engaged in unlawful discrimination at some point after July 24, 2004, which is the beginning of the 180–day time period preceding her January 20, 2005, discrimination complaint.

### A. Constructive Discharge

■■ Wallingsford alleged that Maplewood's discriminatory actions "continued throughout her employment through and including her constructive discharge on August 30, 2004." Missouri law recognizes that a claim for constructive discharge constitutes actionable discrimination under the act. *Pollock*, 11 S.W.3d at 764; *see also Barekman v. City of Republic*, 232 S.W.3d 675, 682 n. 5 (Mo.App.2007)(noting that allegations of a discriminatory work environment in a case under the act could constitute a claim of constructive discharge); *Gamber v. Missouri Dept. of*

*Health and Senior Services,* 225 S.W.3d 470, 477 (Mo.App.2007)(assuming the possibility of a constructive discharge claim under the act). Constructive discharge resulting from unlawful discrimination, therefore, can constitute an "alleged act of discrimination" that is sufficient to satisfy the 180–day filing period imposed by section 213.075.1.

Constructive discharge occurs when an employer deliberately renders an employee's working conditions so intolerable that the employee is forced to quit his or her job. *Gamber,* 225 S.W.3d at 477 (quoting *Bell v. Dynamite Foods,* 969 S.W.2d 847, 851 (Mo.App.1998)). "To effect a constructive discharge, the working conditions must be such that a reasonable person would find them intolerable." *Id.* A claim of constructive discharge requires more than a single incident; rather, the claim requires proof of a continuous pattern of discriminatory treatment *Id.* Claims of constructive discharge often include evidence of subtle discrimination in the form of social coercion, demotions or changes in job responsibilities. As a result, constructive discharge is a fact-intensive inquiry. *Levendos v. Stern Entm't, Inc.,* 860 F.2d 1227, 1230 (3d Cir.1988).

In this case, Wallingsford alleged that she constructively was discharged on August 30, 2004, and that her discharge was a direct result of an ongoing pattern of gender discrimination by Maplewood. Wallingsford filed her complaint alleging an unlawful, discriminatory constructive discharge within 180 days of that discharge. The parties dispute the facts regarding whether Wallingsford constructively was discharged on August 29, 2004, and, as explained below, the court did not require the parties to develop a record of uncontroverted material facts in accordance with Rule 74.04. The continued dispute as to the material facts of Wallings-

ford's allegation of constructive discharge requires a finding that the trial court erred in entering summary judgment in favor of Maplewood on the basis that Wallingsford's claims are untimely.

### B. *Summary judgment procedure*

The decision to enter summary judgment in favor of Maplewood stems, in part, from the trial court's decision not to require compliance with the summary judgment procedures set forth in Rule 74.04. Rule 74.04(c) requires a movant seeking summary judgment to "summarily state the legal basis for the motion" and attach "a statement of uncontroverted material facts ... to the motion." Additionally, the movant "shall file a separate legal memorandum explaining why summary judgment should be granted." *Id.* The movant also must attach a copy of all discovery, exhibits or affidavits on which the motion relies. Similarly, the adverse party must admit or deny each of the movant's factual allegations with specific reference to discovery, exhibits or affidavits.

The movant is entitled to judgment only if he or she can establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. If a party seeks to expand the grounds for a summary judgment motion or enlarge the record after the motion and response has been filed, allowing such an expansion is prejudicial. *Cross v. Drury Inns, Inc.,* 32 S.W.3d 632, 637 (Mo.App.2000). Allowing the movant to raise new factual issues, grounds or arguments within summary judgment proceedings, without offering the other party the opportunity to respond, violates Rule 74.04 and results in prejudice for the opposing party. *Id.* If a party fails to comply with Rule 74.04(c) and such failure is prejudicial, then rever-

sal is required. *Morley v. Henske,* 704 S.W.2d 298 (Mo.App.1986).

■ In this case, the trial court did not require the parties to comply with the clear and specific provisions of Rule 74.04. Maplewood filed a motion to dismiss asserting that the only act of discrimination alleged by Wallingsford was her claim that she improperly was suspended in December 2002 and that this act fell outside the 180–day filing period. Maplewood also asserted that the 180–day filing period began on July 15, 2004, when Maplewood informed Wallingsford that her discharge appeared inevitable due to the results of an internal investigation.

In response, Wallingsford asserted that the last alleged act of discrimination was her constructive discharge on August 29, 2004. Maplewood filed a reply memorandum asserting that Wallingsford failed to identify any act of discrimination that occurred within the 180–day filing period. Wallingsford sought leave to file a supplemental affidavit asserting additional discriminatory actions allegedly undertaken by Maplewood within the 180–day filing period. The trial court denied leave to file the supplemental affidavit and entered summary judgment in favor of Maplewood.

The trial court did not require Maplewood to submit a statement of uncontroverted material facts with specific references to discovery, exhibits or affidavits and a separate legal memorandum in support of the motion. Additionally, Maplewood's reply memorandum asserted, for the first time, the specific argument that Wallingsford failed to allege sufficient evidence that she continued to experience discrimination through the final day of her employment. By denying Wallingsford the opportunity to file a supplemental affidavit detailing her working conditions during the final two months of her employment, the trial court deprived her of the opportunity to respond to Maplewood's factual assertions. The failure to comply with the Rule 74.04 procedures permitted the entry of summary judgment without narrowing the case to the uncontroverted material facts regarding Wallingsford's claim of constructive discharge. The failure to comply with Rule 74.04 is especially problematic because the crux of Wallingsford's claim is that continued employment was intolerable due to ongoing discrimination. Resolving that claim requires a fact-intensive inquiry that is not readily susceptible to summary judgment, particularly when the requirements of Rule 74.04 are not followed.

### CONCLUSION

Wallingsford's petition presents a genuine issue of material fact regarding her alleged constructive discharge. The failure to require compliance with Rule 74.04 compromised the ability of the parties to provide the court with the uncontroverted material facts necessary to determine whether to enter summary judgment in this case. The judgment is reversed, and the case is remanded.

All concur.