# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1401

_____

Jack Noel

*Plaintiff - Appellant*

v.

AT&T Corp.; SBC Internet Services, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 11, 2014
Filed: December 4, 2014

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

In this diversity suit brought under the Missouri Human Rights Act, Jack Noel claims SBC Internet Services, Inc. and AT&T Corp. (together, "SBC") constructively discharged him because of his disability. Finding no genuine issue of material fact

as to whether Noel was constructively discharged, the district court[1] granted SBC's motion for summary judgment. We affirm.

In 2006, Noel accepted a new position at SBC that involved frequent travel, which aggravated his diabetes. Two years later, Noel was hospitalized after collapsing at an airport, and the next year, SBC gave him a temporary assignment that did not involve travel. After Noel performed poorly in both his new position and the temporary assignment, SBC put him on a performance-improvement plan. Two weeks later, Noel was hospitalized again, this time for five days after suffering a breakdown. He never returned to SBC. Noel's doctor advised Noel that further travel might be harmful, and after six months of disability leave, Noel resigned from SBC. No one at SBC told him to resign, told him he could not return to work, or ever disparaged him in any way related to his diabetes.

On appeal, Noel claims that SBC violated the Missouri Human Rights Act by discharging him because of his diabetes, a disability. *See* Mo. Rev. Stat. § 213.055. To prove his claim, Noel must show that (1) he "is legally disabled; (2) [he] was discharged; and (3) [his] disability was a factor in the . . . discharge." *See Hervey v. Mo. Dep't of Corrs.*, 379 S.W.3d 156, 160 (Mo. 2012). Because Noel admits he resigned, he does not argue that SBC actually discharged him. He claims instead that SBC constructively discharged him by "deliberately [rendering his] working conditions so intolerable that [he was] forced to quit." *See Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 686 (Mo. 2009). The district court granted summary judgment for SBC, determining that Noel did not raise a genuine issue as to whether he was constructively discharged.

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

We review a grant of summary judgment *de novo*. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

We find no genuine factual dispute as to whether Noel was constructively discharged because SBC did not "deliberately [render his] working conditions so intolerable that [he was] forced to quit."[2] *See Wallingsford*, 287 S.W.3d at 686. Noel presents no instances in which SBC did anything of the sort. Rather, Noel admits that no one told him to resign, told him he could not return to work, or ever disparaged him in any way related to his diabetes. Indeed, SBC actually gave Noel a temporary reprieve from travel. *See Quinn v. St. Louis Cnty.*, 653 F.3d 745, 752 (8th Cir. 2011) (noting that attempts at accommodation suggest the employer does not want the employee to quit).

Our conclusion finds further support in *Gambler v. Missouri Department of Health and Senior Services*, 225 S.W.3d 470 (Mo. Ct. App. 2007). There, Gambler quit her job, which had a three-hour daily commute, after she was denied a promised transfer. *Id.* at 472-74. The Missouri Court of Appeals explained that the evidence failed to show that her working conditions were intolerable, *id.* at 476-79, and noted instead that she was subject to "the exact same working conditions that had existed from the commencement of her employment," *id.* at 478. Similarly, SBC expected Noel only to continue his job as it had been. If anything, Noel was treated better than

---

[2]Missouri courts sometimes have asked whether "the employer intended to force the employee to quit, *or* the employer could reasonably foresee that its actions would cause the employee to quit." *DeWalt v. Davidson Serv./Air, Inc.*, 398 S.W.3d 491, 501 (Mo. Ct. App. 2013) (emphasis added). Noel's argument also fails under this language, which similarly requires some action on SBC's part.

Gambler. While she was denied a promised transfer, Noel was temporarily relieved from travel.

Ultimately, Noel argues that his work was made intolerable not by SBC but by his own worsening health. As he puts it, "there can be a change in an employee's condition that makes conditions intolerable." Noel offers no cases to support this argument, and we find it foreclosed by the plain language of the Missouri Supreme Court, which asks whether "an employer deliberately renders an employee's working conditions so intolerable that the employee is forced to quit," *Wallingsford*, 287 S.W.3d at 686. It is undisputed that, in accordance with his doctor's advice, Noel chose to resign because of his diabetes. He has not raised a genuine issue of material fact as to whether SBC forced him to quit.[3]

Because Noel does not claim he was actually discharged and has not raised a genuine issue as to whether he was constructively discharged, his Missouri Human Rights Act claim fails. We thus do not reach the parties' other arguments. The judgment of the district court is affirmed.

_____

[3]Noel also suggests in a single, unsupported sentence that SBC constructively discharged him by failing to accommodate his disability. As Noel did not raise this issue before the district court, we decline to address it. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).