**AGRIBANK FCB, Plaintiff–Respondent,**

v.

**Gregory F. ALLISON and Holly Allison, Defendants–Appellants.**

**No. 20015.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 18, 1995.

William A.R. Dalton, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for appellants.

Jerry W. Venters, Venters, Pletz & Reed, P.C., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Defendants, Gregory F. Allison and Holly Allison, appeal from the trial court's grant of a summary judgment in favor of Plaintiff, AgriBank FCB. The appeal must be dismissed because the judgment is impermissi-

bly indefinite and therefore void and unenforceable.

Plaintiff's motion for summary judgment alleged that it had filed a petition in unlawful detainer against Defendants; that Defendants' answer admitted that they live in a house on the property in question but that Cross Timbers Ranch, Inc. (CTR) is in possession of the property.[1] Plaintiff's motion also refers to Defendants' judicial admissions that they occupy the property only as officers and agents of CTR and that they claim no individual interest in the property.

Defendants' response to the summary judgment motion states that CTR was always the owner and operator of the property and that Defendants never claimed to individually possess the property at any time.

The trial court's judgment reads:

Therefore, it is ORDERED, ADJUDGED AND DECREED that judgment of unlawful detainer be and is hereby entered against Defendants Gregory F. Allison and Holly Allison and Plaintiff is hereby granted restitution and possession of the real property ... as to Defendants Gregory F. Allison and Holly Allison in their individual capacities and in their own rights, separate from and subject to their right of possession as agents of Cross Timbers Ranch, Inc.

■■■ This Court is required to ascertain whether it has jurisdiction to determine the matter appealed even though the parties fail to raise that issue. *Matter of D___ K___,* 886 S.W.2d 188, 189 (Mo.App.1994). A judgment which is indefinite is void and unenforceable. *Luna v. Grisham,* 620 S.W.2d 427, 428 (Mo.App.1981). When a judgment is void, an appellate court acquires no jurisdiction except to determine the invalidity of the order or judgment appealed from and to dismiss the appeal. *Cook v. Curtis,* 837 S.W.2d 29, 30 (Mo.App.1992).

■■■ In *Brown v. Color Coating, Inc.,* 867 S.W.2d 242 (Mo.App.1993), this Court dismissed the appeal from a judgment in a workers' compensation case which did not establish the existence or extent of the insurer's liability so as to permit issuance and processing of execution without external proof and another hearing. In discussing whether the judgment was void and unenforceable, we said:

An essential requirement of a judgment is that it be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. To comply with this requirement, the judgment must adjudicate the controversy to a conclusion which permits issuance and processing of an execution without external proof or another hearing. *In re Marriage of Dusing,* 654 S.W.2d 938, 945 (Mo.App.1983) (quoting from *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 273 (Mo.App.1979)). It has also been said:

... [A] judgment must fix the rights and responsibilities of the parties, with the obligor's duties readily understood so as to be capable of performance, and with the clerk able to issue, and the sheriff to levy, execution.

*Payne v. Payne,* 695 S.W.2d 494, 497 (Mo. App.1985); *Luna v. Grisham,* 620 S.W.2d at 428.

*Id.* at 244.

Here, the judgment grants Plaintiff possession of the property as to Defendants individually, but it apparently makes Plaintiff's possession conditioned upon whether or not Defendants possess the property as agents of CTR. Like the judgment in *Brown,* this judgment does not establish the existence of Plaintiff's unconditional right to possession so as to permit issuance and processing of execution without resort to external proof and another hearing. Clearly, the Hickory County Sheriff, armed with an execution, cannot place Plaintiff in possession without determining whether Defendants are wearing the hat of an individual or an agent. Therefore, the rights and responsibilities of the parties in this case cannot readily be understood so as to be capable of performance.

We have no jurisdiction with reference to a void judgment other than to declare its inval-

---

1. In a related unlawful detainer case, Plaintiff obtained a favorable judgment against CTR. The appeal from that case is currently pending before this Court.

idity and dismiss the appeal. Accordingly, the appeal is dismissed.

FLANIGAN and GARRISON, JJ., concur.