Dennis R. MOORE, Sr., Individually and as Next Friend of Sheryl D. Moore and Dennis R. Moore, Jr., Minors, Plaintiff–Appellant,

v.

MISSOURI HIGHWAY & TRANS-PORTATION COMMISSION, Defendant–Respondent.

No. 26678.

Missouri Court of Appeals, Southern District, Division One.

Aug. 24, 2005.

Dennis M. Murphy, The Murphy Law Firm, Columbia, MO, for Appellant.

Zachary T. Cartwright, Jr., Senior Litigation Counsel, and Rich Tiemeyer, Chief Counsel, Missouri Highways and Transportation Commission, Jefferson City, MO, for respondent.

JAMES K. PREWITT, Judge.

Dennis R. Moore, Sr. ("Appellant") appeals the judgment of the trial court dismissing Appellant's petition. Appellant sought damages in a wrongful death and personal injury suit against the Missouri Highway and Transportation Commission ("Respondent").

The facts stated here are taken from Appellant's petition. On September 29, 2000, at 10:30 p.m., Saundra Norris and her children, Adrian Moore, Sheryl Moore, and Dennis Moore, Jr., were passengers in a 1989 Ford Tempo driven by Saundra's husband, Michael Norris. The Tempo was driving southbound on Highway B in Pemiscot County. At the same time, a 1993 Mercury Cougar driven by Misty Buck was traveling northbound on Highway B. Adjacent to the address of 4544 Highway B, Pascola, Missouri, and 1.5 miles north of the intersections of Highway 84 and Highway 412, there is a reverse curve. Upon entering the curve, Buck's car skidded across the center line and into the path of Norris' car. The two vehicles collided.

Adrian Moore, Saundra Norris, and Michael Norris were killed. Dennis Moore, Jr. suffered injuries, including "closed head injury, intraventricular hemorrhage, left humerus fracture, bilateral pulmonary contusions, and numerous blunt traumas,

contusions, abrasions and internal injuries." Sheryl Moore's injuries included "fracture to the left humerus, fracture to the left first metacarpal, free fluid in the abdomen, lacerations, abrasions, and contusions."

Appellant, the natural father of Dennis Moore, Jr. and Sheryl Moore, brought suit and was appointed next friend for these minor plaintiffs on July 6, 2004, pursuant to Rule 52.02(c). Appellant alleged that "[t]he extremely flat terrain surrounding Highway B at this location, the straight line of trees running along the highway, and the perfectly straight nature of the highway, as approaching from both directions, gave drivers, to include Misty Buck, a false sense that the highway was perfectly straight[.]" Appellant alleged he suffered a "pecuniary loss" by reason of the death of his daughter, Adrian Moore, and prayed for judgment against Respondent for his loss and on behalf of Dennis Moore, Jr. and Sheryl Moore for the death of their mother, Saundra Norris, as well as for the personal injuries suffered by the children.

Appellant contends that Respondent, as owner of the land upon which Highway B is situated, was aware of the dangerous conditions on this curve, and there were "no warning signs or other devices in place to warn approaching vehicle operators of the upcoming reverse curve." Appellant believes this absence of warning is contrary to the Federal Highway Administration's Manual on Uniform Traffic Control Devices ("MUTCD"), adopted by Respondent, and the failure to follow these guidelines led to the collision.

On August 19, 2004, Respondent filed a motion to dismiss Appellant's petition for "failure to state a claim upon which relief can be granted, in that it fails to allege the elements necessary to establish a waiver [of] [Respondent's] sovereign immunity[.]"

Respondent suggests that Highway B did not pose a threat "but for the intervention of the driver who crossed the centerline[.]" Respondent petitioned for and was granted a change of venue, and a hearing on Respondent's motion to dismiss was held on September 28, 2004. On September 29, 2004, the court granted Respondent's motion to dismiss by docket entry. Appellant filed a Motion for Relief and Reconsideration of Order of Dismissal on October 21, 2004.

On November 9, 2004, the trial court held a hearing on Appellant's motion for relief and reconsideration. Appellant argued that Respondent's use of an aerial photograph of the curve in the September 28, 2004 hearing constituted introduction of evidence outside of the pleadings and turned the motion to dismiss into a motion for summary judgment. The judge "didn't think" the use of the aerial photograph at the earlier hearing was "wrong." On November 15, 2004, the court overruled Appellant's motion. Notice of Appeal was filed on November 23, 2004. On December 6, 2004, the court entered judgment dismissing Appellant's petition.

 It is our initial duty to ascertain whether this court has appellate jurisdiction of the case. *AgriBank FCB v. Allison*, 907 S.W.2d 229, 230 (Mo.App.1995). The notice of appeal was filed before judgment was issued in compliance with Rule 74.01(a). When notice of appeal has been filed prematurely, the notice shall be considered as filed immediately after the time the judgment becomes final for the purposes of appeal. *L.J.B. v. L.W.B.*, 908 S.W.2d 349, 350 (Mo.banc 1995). The notice of appeal was prematurely filed, but the trial court entered judgment and the notice took effect thereafter. This Court has jurisdiction.

■ Appellant contends the trial court erred in considering facts and arguments included in Respondent's written suggestions in support of its motion to dismiss and "factual renditions not contained in the pleadings" in Respondent's oral argument before the trial court at the September 28, 2004 hearing on Respondent's motion to dismiss. Appellant also challenges Respondent's "presentation to the Court of a 3' X 4' aerial photograph of the highway area in question." This photograph presented by Respondent, Appellant contends, was "outside of the pleadings." However, Appellant concedes "[t]here is nothing in the record to clearly show us what consideration the Circuit Court gave to these alleged facts and arguments."[1]

■ Appellant also contends the trial court based its decision to grant Respondent's motion to dismiss on the "belief that the mere existence of a curve without a warning sign does not provide a basis for a finding of dangerous condition in property." Appellant appears to argue that the trial court determined that the dangerous condition alleged did not meet the criteria for the dangerous-condition exception to the sovereign immunity statute. Respondent counters by stating Appellant failed to state a claim pursuant to the appropriate statute.[2]

■ As the trial court did not treat the motion to dismiss as one for summary judgment and give the notice required by Rule 55.27(a), we review the judgment as based solely on a motion to dismiss for failure to state a claim for which relief can be granted. The standard of appellate review of an order sustaining a motion to dismiss differs from the standard applied when reviewing a summary judgment. *Dent Phelps R–III Sch. Dist. v. Hartford Fire Ins. Co.*, 870 S.W.2d 915, 917 (Mo. App.1994). "In reviewing an order sustaining a motion to dismiss, all facts alleged in the petition are deemed true and plaintiff is given the benefit of every reasonable intendment." *Id.* "When reviewing a summary judgment, an appellate court looks not just to the petition but to all pertinent materials presented to the trial court to determine if there is any material fact issue and that the moving party was entitled to judgment as a matter of law." *Id.*

■ In reviewing a dismissal for failure to state a claim upon which relief could be granted, this Court deems the facts pleaded in the petition to be true. *Monroe v. Mo. Dep't of Corr.*, 105 S.W.3d 915, 917 (Mo.App.2003). We review the allegations set forth in the petition in order to determine whether principles of substantive law

1. Rule 55.27(a) provides that if, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, "matters outside the pleadings are presented to and not excluded by the trial court, the motion shall be treated as one for summary judgment[.]" When this occurs, the parties are to be given notice by the court that it will consider the motion as one for summary judgment and permit them to present relevant matters in response.

2. Section 537.600.1(2), RSMo 2000, enumerates the conditions that waive sovereign immunity:

Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition....

invoked would entitle petitioner to relief. *Roy v. Mo. Dep't of Corr.*, 23 S.W.3d 738, 742 (Mo.App.2000). "All facts alleged in the petition are accepted as true and construed in the light most favorable to plaintiff." *Keeney v. Mo. Highway & Transp. Comm'n*, 70 S.W.3d 597, 599 (Mo.App. 2002).

■■■■ "It is not the function of the trial court on a motion to dismiss or of this court on appeal from a judgment of dismissal ... to determine on the merits whether" Appellant is entitled to relief. *Sandy v. Schriro*, 39 S.W.3d 853, 856 (Mo. App.2001), quoting *City of Creve Coeur v. Creve Coeur Fire Protection Dist.*, 355 S.W.2d 857, 859–60 (Mo.1962).

To state a claim under the dangerous-condition exception, a plaintiff must allege facts that show 1) a dangerous condition of public property, 2) that the injury directly resulted from the dangerous condition, 3) that the dangerous condition created a reasonably foreseeable risk of the kind of harm incurred, and 4) that ... the public entity had actual or constructive notice of the condition.

*State ex rel. Mo. Highway & Transp. Com'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998).

In his petition, Appellant alleged that:

The combined effect of [certain] conditions was to cause drivers to see headlights that appeared to be directly in front of them because the road in front of them contained a reverse curve and such that the approaching vehicle was actually in its own lane, but laterally displaced due to the non-perceived reverse curve in the road.

Appellant contends that the effect caused "a false sense that the highway was perfectly straight and that there would be no curves ahead."

Appellant enumerated five features which caused a "dangerous condition" on the curve. Appellant alleges the collision was a "direct result and consequence" of the dangerous conditions of the property and the negligence of employees of Respondent. Appellant contends that Respondent was aware of and had notice of the dangerous condition on the curve due to "a history of vehicles crossing the centerline at that location[,]" an absence of warning signs, as well as Respondent's failure to comply with adopted guidelines.

Respondent relies on *Herzog v. City of St. Louis*, 792 S.W.2d 39 (Mo.App.1990), and its ruling that the City had a "duty" is a condition precedent to liability and is the "seminal issue" in roadway condition cases. There, the court found the petition did not allege a duty to warn of an alleged defect in the road itself. *Id.* at 40. Here, the petition, construed favorably to Appellant, does so. Point three has merit.

We conclude that the petition set forth a claim for which relief can be granted. The judgment is reversed and remanded.

PARRISH, J., and RAHMEYER, J., concur.