Gregory **FENLON**, Appellant,

v.

**UNION ELECTRIC COMPANY, Respondent.**

No. ED 90877.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 14, 2008.

Gregory G. Fenlon, Clayton, MO, pro se.

Matthew H. Noce, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Gregory Fenlon appeals from the judgment of the Circuit Court of St. Louis County granting Respondent Union Electric Company's motion to dismiss Fenlon's petition. Fenlon claims that the trial court erred in granting the motion to dismiss because Union Electric Company ("UE") had a duty to maintain the easement on

which its electrical lines were located and that duty obligated UE to remove any trees or branches that might interfere with those lines.

### Factual and Procedural Background

On May 9, 2007, Fenlon filed a petition in the Small Claims Division of the Circuit Court of St. Louis County claiming damages in the amount of $2,800. Fenlon alleged that he notified UE on several occasions that there was a "very large dying, diseased tree" in UE's easement in Fenlon's backyard. According to Fenlon's petition, the tree's branches extended over UE's electrical lines, creating a dangerous condition. In response to Fenlon's complaints, UE sent an agent to remove one or two branches that were actually touching the wires, but refused to remove the remainder of the tree or those branches that hung over but did not touch the power lines. Fenlon therefore hired a service to remove the tree and sought damages for the cost of removal.

UE filed a motion to dismiss the petition for failure to state a cause of action arguing that it did not have a duty to remove the tree because it was located in UE's easement. The small claims court heard arguments on UE's motion to dismiss prior to the hearing. Without ruling on the motion to dismiss, the small claims court held a trial and entered a judgment in favor of UE.

Following entry of the judgment, Fenlon filed an application for trial de novo in the Circuit Court of St. Louis County pursuant to Mo.Rev.Stat. Section 482.365. In response, UE filed a motion to dismiss Fenlon's petition arguing that: (1) Fenlon failed to state a cause of action because UE did not owe Fenlon a duty to remove

the entire tree from his property, and (2) the doctrine of res judicata precluded Fenlon from applying for a trial de novo. After hearing both parties' arguments, the trial court granted UE's motion to dismiss. Fenlon appeals.

### Standard of Review

Review of a circuit court's order granting a motion to dismiss is de novo. *Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667, 669 (Mo.2007) (en banc). A motion to dismiss for failure to state a claim assumes that all averments in plaintiff's petition are true and tests only the adequacy of plaintiff's petition. *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo.2002). We assume the factual allegations contained in the petition are true and make no attempt to weigh their credibility or persuasiveness. *Rychnovsky v. Cole*, 119 S.W.3d 204, 208 (Mo.App. W.D.2003). "It is not the function of the trial court on a motion to dismiss or of this court on appeal from a judgment of dismissal to determine on the merits whether Appellant is entitled to relief." *Moore v. Missouri Highway & Transp. Comm'n*, 169 S.W.3d 595, 599 (Mo.App. S.D.2005).

### Discussion

Where, as here, the trial court does not provide reasons for its dismissal of the petition, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss, and we will affirm if dismissal was appropriate on any grounds stated therein.[1] *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 391 (Mo.2001) (en banc). Thus, the question on appeal is whether or not Fenlon's petition alleged facts upon which relief could be granted.

---

1. In its response to Fenlon's appellate brief, UE abandoned its argument that dismissal was proper pursuant to the doctrine of res judicata. Therefore, we limit our review to the first point in UE's motion to dismiss.

*See e.g., Lichtor v. Missouri Bd. of Registration for the Healing Arts,* 884 S.W.2d 49, 52 (Mo.App. W.D.1994).

In his petition, Fenlon alleged that there was a large, diseased tree in UE's easement that created a "dangerous condition with branches continuously falling on live electric wires during storms." Fenlon further stated that he repeatedly notified UE of the dangerous condition, and UE's agent trimmed only the branches that were actually touching the electrical wires. Because UE "refused to remove the remainder of the dead tree that hung over the lines," Fenlon remedied the dangerous condition by having the tree removed at his own expense.

 It is well-settled that suppliers of electricity must exercise the highest degree of care to maintain their wires in such condition as to prevent injury. *Erbes v. Union Elec. Co.,* 353 S.W.2d 659, 664 (Mo. 1962). Specifically, an electrical company employing highly charged power lines is "duty bound to either insulate such wires or place them beyond the range of contact with persons rightfully using such streets, highways, or places, and to exercise the utmost care to keep them so." *Thornton v. Union Elec. Light & Power Co.,* 230 Mo.App. 637, 72 S.W.2d 161, 164 (1934).

UE asserts that it fulfilled its duty by trimming branches that were touching its wires. The cases upon which UE relies do not support this proposition. We agree that in *Gladden v. Missouri Pub. Serv. Co.,* the Supreme Court held that an electrical company's duty of care requires trimming around highly charged wires to isolate the wires and prevent foreseeable injury. 277 S.W.2d 510, 515 (Mo.1955).

However, nothing in *Gladden* limits the exercise of the highest degree of care solely to the trimming of branches that are either touching or close to wires. *Id.* Rather, the focus in *Gladden* is on the likelihood of injury and prevention thereof.[2] *Id.*

UE's reliance upon *Segraves v. Consolidated Elec. Coop.* is similarly misplaced. 891 S.W.2d 168 (Mo.App. E.D.1995). In *Segraves,* the trial court awarded treble damages to the plaintiff because the defendant's linemen chopped down her mulberry tree and "topped off" her cherry tree. *Id.* at 169. On appeal, the defendant electrical company argued that it was not liable for damages because it was required by law to trim and/or remove the trees in question to ensure safety. *Id.* at 171. This Court disagreed and held that the law did not require defendant to remove plaintiff's trees simply because they were close to its power lines. *Id.* at 172. By cutting down trees that did not create an unreasonable risk of injury, defendant exceeded its authority to maintain safe electrical wires. *Id.*

*Segraves* is distinguishable from the case at bar. First, *Segraves* was not decided on a motion to dismiss but rather after a trial in which the trial court found that it was "unnecessary to remove the trees in this case." *Segraves,* 891 S.W.2d at 172. Moreover, although *Segraves* established that an electrical company is not required by law to remove a tree in its easement, it did not preclude removal if the tree creates an unreasonable risk of injury.

 The key issue in *Segraves,* as here, is whether the tree creates an unreason-

---

**2.** UE also argues that because the tree in question belonged to Fenlon and was not in UE's sole control, Fenlon was responsible for the tree's care and removal. The cases UE cites in support of this argument do not alter the proposition that UE's duty is premised upon whether a tree located in its easement creates an unreasonable risk of injury given the proximity of the tree to UE's electrical wires.

able risk of injury. As is clear from *Segraves*, whether Fenlon's tree created an unreasonable risk of injury is a question of fact. *See also Branson West, Inc. v. City of Branson*, 980 S.W.2d 604, 607 (Mo.App. S.D.1998) ("[W]hether the cutting of trees in constructing a utility line across an easement is reasonable and necessary is a question of fact.") Determination of a fact question is not appropriate on a motion to dismiss. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 314 (Mo. banc 1993). Rather, a motion to dismiss tests the adequacy of the pleadings. Because the pleadings were adequate to state a cause of action, the trial court erred in dismissing Fenlon's petition. Point denied.

### Conclusion

We conclude that the petition set forth a claim for which relief can be granted. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.