**Janet CHOCHOROWSKI, Plaintiff/Appellant,**

v.

**HOME DEPOT U.S.A., INC., d/b/a The Home Depot, Defendant/Respondent.**

No. ED 92699.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 22, 2009.

---

Phillip A. Bock, James M. Smith, Bock & Hatch, LLC, Chicago, IL, Mark L. Brown, Andrew W. Kuhlmann, Lakinchapman, LLC, Wood River, IL, for Appellant.

Russell K. Scott, Greensfelder, Hemker & Gale, P.C., Belleville (Swansea), IL, Dwight J. Davis, S. Stewart Haskins, Jonathan R. Chally, King & Spalding LLP, Atlanta, GA, for Respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff, a lessee of merchandise, appeals from a judgment dismissing her lawsuit against defendant, a lessor of merchandise, seeking damages under the Missouri Merchandising Practices Act (MMPA), section 407.020 RSMo (2000)[1] for failure to state a claim. She asserts that she alleged sufficient facts to establish her claim that defendant violated the MMPA by deceiving plaintiff into believing a damage waiver was mandatory and by selling her a worthless damage waiver. We reverse.

### PROCEDURAL BACKGROUND

On March 20, 2008, plaintiff, Janet Chochorowski, filed a lawsuit against defendant, Home Depot USA, Inc., seeking damages, punitive damages, costs, and class certification under the MMPA. Plaintiff alleged that she rented a power tiller from one of defendant's stores on April 27, 2002, at a listed, one-day rental price of $25.00 plus applicable sales and rental taxes, which listing did not disclose a damage waiver charge. She further alleged that defendant's computer automatically upcharged the rental by 10% for a damage waiver, that the damage waiver charges appeared on the rental agreement adjacent to the charge for sales tax, and that defendant required plaintiff to sign a computer-generated rental agreement that contained a damage waiver charge.

Plaintiff attached "page 1 of 1" and "page 2 of 2" of a Rental Agreement, numbered 121737, to her petition as Exhibits 3 and 4, respectively.[2] Exhibit 3 identified the parties and the equipment rented, followed by the heading, "SPECIAL TERMS AND CONDITIONS."

The three statements under this heading were:

1. I HAVE BEEN OFFERED OPERATING MANUALS ON THE ABOVE LISTED RENTAL EQUIPMENT AND HAVE ACCEPTED THEM.

2. I ACCEPT THE BENEFITS OF THE DAMAGE WAIVER (IF APPLICABLE) DESCRIBED IN PARAGRAPH 11 IN THE TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT.

3. A CLEANING CHARGE OF $25.00 WILL BE ASSESSED IF THE ABOVE LISTED RENTAL EQUIPMENT IS NOT RETURNED CLEAN.

These statements were followed by the statement:

I HAVE READ AND AGREE, AS INITIALED TO THE RIGHT, TO THESE SPECIAL TERMS AND CONDITIONS.

There was one small box to the right of this last statement that was labeled "Customer Initials," which contained the handwritten initials "J.C." Exhibit 4, which did not have a heading, contained twelve unnumbered paragraphs, including a paragraph entitled "Damage Waiver," that began, "If I pay the Damage Waiver charge. . . ."

Plaintiff alleged that she did not request or agree to the Damage Waiver, and that defendant "never disclosed that the 'Damage Waiver' was an optional charge, or that Plaintiff was not required to pay a 'Damage Waiver' in order to rent the power tiller." Plaintiff further alleged that, because the operating manual and cleaning charge provisions listed with the damage waiver provision in the agreement were not optional, even if the Damage Waiver

---

**1.** All subsequent statutory references are to RSMo (2000).

**2.** No "Page 1 of 2" was attached.

was optional, "there would still be no way for a consumer to decline it."

Plaintiff specifically alleged with respect to Count I that defendant "engaged in unlawful deceptive acts and practices" in part by "disclosing the 'Damage Waiver' in a manner intended to deceive customers into believing the 'Damage Waiver' was mandatory," and by "failing to disclose to Plaintiff and the other Class members that Home Depot would remove the 'Damage Waiver' charge upon request."

In connection with Count II, plaintiff alleged various losses and damages that the damage waiver excluded, which, she alleged, excluded "the only liability the renter might have under the contract." She concluded that the damage waiver was "worthless because it d[id] not provide any protection for damage to rented tools not already contained in the rental agreement," and that the sale of the Damage Waiver constituted "an unlawful, deceptive and unfair act."

Defendant moved to dismiss the petition for failure to state a claim. As relevant to this appeal, it argued that the "rental agreement unambiguously discloses the damage waiver as an optional service" and that the "clear terms of the rental agreement" contradict the claim that the option was worthless. The trial court granted defendant's motion without stating its reasons therefor.

## DISCUSSION

*Standard of Review*

Our review of a dismissal for failure to state a claim is *de novo*. *Hess v. Chase Manhattan Bank, USA N.A.*, 220 S.W.3d 758, 768 (Mo. banc 2007). A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the petition. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). When we consider whether a petition fails to state a claim upon which relief can be granted, we accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and we construe all allegations favorably to the pleader. *Id.* We do not weigh the factual allegations to determine whether they are credible or persuasive. *Id.*; *See also Zmuda v. Chesterfield Valley Power Sports*, 267 S.W.3d 712, 714 (Mo. App.2008); *Fenlon v. Union Elec. Co.*, 266 S.W.3d 852, 854 (Mo.App.2008). Instead, we review the petition "in an almost academic manner[ ] to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri*, 860 S.W.2d at 306. The determination of factual questions is not appropriate on a motion to dismiss. *Id.* at 314; *Fenlon*, 266 S.W.3d at 856. It is not the trial court's function on a motion to dismiss, or our function on review of a judgment of dismissal for failure to state a claim, to determine whether an appellant is entitled to relief on the merits. *Fenlon*, 266 S.W.3d at 854. If a trial court does not set out the reasons for its dismissal, we presume that it did so for the reasons advanced in the motion to dismiss. *Fenlon*, 266 S.W.3d at 854.

## I. *Deception*

For her first point, plaintiff asserts that the trial court erred in dismissing Count I of her petition because she alleged sufficient facts to state a cause of action under the MMPA against Home Depot "for deceiving plaintiff into believing that the 'Damage Waiver' was mandatory."

Section 407.025.1 creates a private right of action under the MMPA in favor of "[a]ny person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property,

real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020." In order to state a claim for violation of the MMPA, plaintiff was required to allege that she (1) leased merchandise from defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by section 407.020. *See Hess*, 220 S.W.3d at 773.

At issue in this appeal is the fourth element of an MMPA claim, that defendant engaged in a practice declared unlawful by section 407.020. To satisfy this element, plaintiff was required to allege facts establishing that defendant used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the lease of the power tiller. Section 407.020.1

To show a deceptive practice, Count I of the petition alleged facts and circumstances surrounding the rental transaction and the form and content of the rental agreement, including the placement of the waiver acceptance clause between two non-optional conditions with no means provided on the form to separately decline it. Defendant's motion to dismiss Count I was based on its claim that the rental agreement unambiguously disclosed that the damage waiver was optional. Defendant's motion essentially sought a ruling on the merits. It asked the court to construe the terms of the rental agreement and determine that they contradicted the allegations of the petition.

In its brief on appeal, defendant also argues the merits of plaintiff's claim; it does not construct an argument demonstrating that any element necessary to state a claim for relief under the MMPA was not alleged. Rather, defendant argues that plaintiff's petition failed to state a claim for deception because the rental agreement attached to the petition conclusively refuted plaintiff's claim by disclosing that the damage waiver was optional. Although the rental agreement does not directly state that the damage waiver is optional, defendant points out that the damage waiver charge was separately listed and labeled. Defendant adds that plaintiff initialed a statement that she had read and agreed to the special terms and conditions, including the term accepting the damage waiver, which contained the words "I accept." Defendant also points out that the damage waiver clause on the second page of the agreement stated that the damage waiver would only apply "If I pay the Damage Waiver charge. . . ." Defendant argues that the inclusion and use of these terms in the rental agreement conveyed to a reader that the damage waiver was optional and not mandatory.

■ Defendant's claim that the language in the rental agreement refutes plaintiff's allegations that the facts and circumstances surrounding the execution of the rental agreement and the language, structure, and design of the rental agreement constituted a deceptive practice in the lease of the tiller is not a challenge to the adequacy of the petition to state a cause of action, but a challenge to the merits. A court may not grant a motion to dismiss for failure to state a claim based on a conclusion that the plaintiff is not entitled to relief on the merits of that claim. *Fenlon*, 266 S.W.3d at 854; *Moore v. Missouri Highway & Transp. Com'n*, 169 S.W.3d 595, 599 (Mo.App.2005) (citing *Sandy v. Schriro*, 39 S.W.3d 853, 856 (Mo. App.2001)). The trial court erred in granting defendant's motion to dismiss Count I. Point one is granted.

## II. *Worthlessness of Damage Waiver*

For her second point, plaintiff contends that the trial court erred in dismissing Count II of her petition because she alleged facts sufficient to establish that defendant deceptively or unfairly forced plaintiff to pay for a worthless damage waiver. Plaintiff alleged that the damage waiver was worthless because exclusions in the waiver excluded all coverage the damage waiver purported to provide. Defendant again argues that the terms of the rental agreement defeat plaintiff's claim.

Whether or not plaintiff can meet her burden of proof on this issue is also a question to be determined by summary judgment or by trial, not by a motion to dismiss. At this stage of the proceedings, plaintiff has not had the opportunity to present the evidentiary basis, if any, for her allegations. To determine whether or not the damage waiver was worthless in a manner that violates the MMPA would require a determination of the merits of Count II, which cannot be done on a motion to dismiss. *See Fenlon,* 266 S.W.3d at 854; *Moore,* 169 S.W.3d at 599.

The trial court erred in granting defendant's motion to dismiss Count II of the petition. Point two is granted.

## *Conclusion*

The judgment of the trial court dismissing the petition is reversed, and the case is remanded.

CLIFFORD H. AHRENS, J. and NANNETTE A. BAKER, J., concur.