**Stephen M. COLEMAN, et al., Appellants,**

v.

**Robin CARNAHAN, et al., Respondents.**

**No. ED 93726.**

Missouri Court of Appeals, Eastern District, Division One.

April 20, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 2010.

Larry Delano Coleman, Raytown, MO, for appellant.

Chris Koster, Christopher J. Quinn, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Stephen Coleman and his companies, Daedalus Capital, LLC and Chicken Little

Fund Group, Inc., appeal the circuit court's dismissal of their petition against Robin Carnahan and Lori Neidel. We affirm.

## Background

Respondents, in their official capacities as Missouri Secretary of State and former Chief Enforcement Counsel of the Securities Division, respectively, opened an investigation into Appellants' business dealings after the "demise" of the Chicken Little Fund Group. Respondents ultimately issued cease-and-desist orders and instituted proceedings to revoke Appellants' licensures for alleged violations of the Missouri Securities Act of 2003.

Mr. Coleman, an investment advisor of African descent, on behalf of himself and his companies, filed suit against Respondents alleging that Respondents' actions were racially motivated and thus in violation of the Missouri Human Rights Act. Specifically, the petition claims that (1) Mr. Coleman was denied the full, free and equal use of Missouri securities laws in violation of sections 213.065 RSMo in that he was denied public accommodations as defined in section 213.010(15)(e) and (2) Appellants were wrongfully vilified in violation of section 213.070 prohibiting employment discrimination.

Respondents moved to dismiss the petition for failure to state a claim. The trial court granted the motion, and this appeal followed.

## Standard of Review

■ Our review of a dismissal for failure to state a claim upon which relief can be granted is *de novo*. *Chochorowski v. Home Depot U.S.A., Inc.,* 295 S.W.3d 194, 197 (Mo.App.2009). A motion to dismiss for failure to state a claim is solely a test of the adequacy of the petition. *Id.* When we consider whether a petition fails to state a claim, we accept all properly pleaded facts as true, giving the pleadings their broadest intendment. *Id.* We construe all allegations favorably to the pleader and determine if the facts alleged meet the elements of a recognized cause of action. *Id.*

## Discussion

■ Appellants essentially argue that the trial court erred by failing to construe the Missouri Human Rights Act liberally enough to encompass their allegation that Respondents' securities investigation was racially motivated. Appellants rely on two statutory bases for their claim.

First, Appellants assert that they were denied full and equal use of a public accommodation in violation of section 213.065. The specific public accommodation allegedly denied them is identified in their petition as "the securities laws of the State of Missouri." Appellants cite no authority for the proposition that Missouri securities laws constitute a public accommodation but suggest that such an interpretation would be consistent with the spirit of the MHRA.

■ Section 213.065 of the MHRA was enacted to provide all persons within the jurisdiction of the state of Missouri "full and equal use and enjoyment within this state of any place of public accommodation." Section 213.010(15) defines places of public accommodation as "places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, or accommodations for the peace, comfort, health, welfare, and safety of the general public, or such public places providing food, shelter, recreation, and amusement . . ." That sub-section then sets out six paragraphs enumerating various types of "places of public accommodation" to which the protections of the MHRA apply, generally: (a) lodging estab-

lishments, (b) restaurants, (c) gas stations, (d) entertainment and sporting venues, (e) public facilities, and (f) any establishment located on the premises of the foregoing places. As is pertinent here, sub-paragraph (e) encompasses "any public facility owned, operated, or managed by or on behalf of this state or any agency or subdivision thereof." Appellants observe that, like a courthouse, a physical office of the Secretary of State falls within this definition. But Appellants do not allege that they were denied access to the premises of Respondents' office or that they were subject to discrimination on Respondents' premises. Rather, they plead that they were denied full and equal use and enjoyment of the securities laws of the state of Missouri. By characterizing Missouri securities laws as a place of public accommodation, Appellants misinterpret the legislative intent of the MHRA[1] and grossly distort its written expression. "The primary rule of statutory construction is to ascertain the intent of the lawmakers by construing words used in the statute in their plain and ordinary meaning." *Hyde Park Housing Partnership v. Dir. of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993). Just as no dictionary refers to the law as a "place," Missouri securities laws do not constitute a "place" for purposes of public accommodation discrimination analysis under Chapter 213.

Second, Appellants assert that Respondents' alleged vilification constitutes a violation of section 213.070, which prohibits discrimination in employment, disability, and housing. Specifically, Appellants claim that Respondents' actions constitute employment discrimination. But Appellants do not allege any potential or actual employer/employee relationship between the parties. Rather, Mr. Coleman is self-employed. As such, section 213.070 is inapplicable here. *See Sloan v. Bankers Life & Cas. Co.*, 1 S.W.3d 555, 562 (Mo. App.1999) (stating that the MHRA applies only to employer/employee relationships).

Point denied.

### Conclusion

Even accepting the facts alleged by Appellants as true, the statutory provisions upon which Appellant relies do not provide a basis for relief. The trial court's dismissal with prejudice was not erroneous. The judgment is affirmed.

KATHIANNE KNAUP CRANE, P.J., and NANNETTE A. BAKER, J., concur.

---

1. State public accommodations laws were originally enacted to prevent discrimination in traditional places of public accommodation—like inns and trains. *Boy Scouts of America v. Dale*, 530 U.S. 640, 656, 120 S.Ct. 2446, 147 L.Ed.2d 554 (2000).