David ADAMS, et al., Appellants,

v.

**USAA CASUALTY INSURANCE COMPANY, and Shelter Mutual Insurance Company, Respondents.**

**No. ED 93802.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 20, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 2010.

Application for Transfer Denied
Aug. 31, 2010.

See also 275 S.W.3d 324.

E. Ryan Bradley, Clayton, MO, for appellants.

Thomas J. Magee, Meg. L. Fowler, Seth G. Gausnell, Michael S. Hamlin, St. Louis, MO, for respondents.

GARY M. GAERTNER, JR., Judge.

## Introduction

David Adams, Landon Adams by Next Friend David Adams, and La Crysta Adams by Next Friend David Adams (Landon and La Crysta Adams hereinafter referred to collectively as "the Adams children"; all Adams collectively referred to as "Plaintiffs") appeal from the trial court's grant of summary judgment in favor of USAA Casualty Insurance Company (USAA) and Shelter Mutual Insurance Company (Shelter) (USAA and Shelter collectively referred to as "Defendants") in the Plaintiffs' action alleging tortious interference with contractual relations and conspiracy to commit fraud. We reverse and remand.

## Factual and Procedural Background

### The Underlying Petition, Initial Responses, and Stay of Action

On or about January 7, 2008, Plaintiffs filed their cause of action, containing three counts: Count I–Tortious Interference of Contractual Relations, Count II–Negligent Interference with Contractual Relations,[1] and Count III–Conspiracy to Commit Fraud. In this Petition, Plaintiffs alleged the following, as pertinent.

Timothy King (King), a Louisiana resident, was involved in a motor vehicle accident involving David Adams's wife La Jena Adams, and the Adams children. This accident caused the death of La Jena Adams, and significant personal injury to the Adams children.

At the time of the accident, King had a policy of automobile liability insurance issued by USAA in the State of Louisiana that provided limits of liability of $10,000 per person and $20,000 per accident. King was an "uninsured motorist" under Missouri law due to the limits of his liability coverage. David and La Jena Adams were insured under three separate Shelter insurance policies at the time of the accident: two with uninsured motorist liability limits in the amount of $25,000 per person and $50,000 per accident and one (on the car involved in the accident) with uninsured motorist limits of $50,000 per person and $100,000 per accident.

As designated beneficiaries under the terms of the Shelter policies, Plaintiffs made a demand for payment for the limits of their uninsured motorist coverage on all three policies. Plaintiffs received correspondence from USAA indicating that USAA would be "liberalizing" its policy by increasing the coverage to $25,000 per person and $50,000 per accident, to comply with Missouri's financial responsibility laws. The letter indicated that USAA transmitted a copy of this correspondence to Shelter. USAA knew Plaintiffs were insured under three separate contracts with Shelter.

After USAA afforded King additional coverage, Shelter took the position Plaintiffs were not entitled to recover under their uninsured motorist coverage and denied payment. Thereafter, Plaintiffs filed

---

1. Plaintiffs' Petition actually titled this count as "Tortious Interference of Contractual Relations" also, but the language of the count sounds in negligence. After USAA argued that negligent tortious interference with contract was not a recognized cause of action in Missouri, Plaintiffs dismissed with prejudice this count on April 29, 2009, and it is not subject to this appeal.

an action against Shelter in the Circuit Court of Oregon County, Missouri, in order to force Shelter to pay the uninsured motorist benefits to Plaintiffs.

In Count I of the Petition filed in this cause, Plaintiffs claimed that USAA intentionally interfered with their contractual relations with Shelter, causing or inducing a material breach of the three insurance policies without justification. Plaintiffs averred that, as a result of USAA's intentional conduct, Shelter denied their claim for compensation, causing them to sustain damages.

In Count III, Plaintiffs claimed that USAA and Shelter conspired to commit fraud upon Plaintiffs by engaging in an arrangement whereby USAA would pay more money than required by law or by its contractual relationship with King, thereby depriving Plaintiffs of their right to recover uninsured motorist benefits from Shelter. Plaintiffs alleged that USAA and Shelter concocted a scheme whereby Shelter would confer a benefit to USAA by "liberalizing" its policy limits, thereby minimizing the combined exposure for the two companies and allowing them to receive a windfall at Plaintiffs' expense. Plaintiffs alleged they made reasonable attempts to determine what information had been communicated between Defendants, but that Shelter failed to respond to their discovery attempts, giving Plaintiffs a reasonable basis to file their conspiracy count. After making this allegation, Plaintiffs stated: "As such, Plaintiffs file this lawsuit in an effort to elicit additional information to support its allegations in this Count."

Thereafter, Defendants moved to dismiss, to transfer due to improper venue, and to stay the cause. In support of its Motion to Stay the Cause of Action, USAA argued that the cause should be stayed because issues arising from the accident were pending appeal in a lawsuit filed in

Oregon County, Missouri. On March 6, 2008, the trial court granted Defendants' motions to stay, and deferred ruling on their motions to dismiss and to transfer.

*The Southern District Appeal in the Oregon County Lawsuit*

Subsequently, the Missouri Court of Appeals, Southern District, reversed a grant of summary judgment to Shelter in the Oregon County action, in which the circuit court found that King was not the operator of an uninsured motor vehicle because USAA's policy provided liability coverage in the minimum amounts required by Missouri financial responsibility law ($25,000 per person and $50,000 per accident). *Adams v. King*, 275 S.W.3d 324, 326–28 (Mo.App. S.D.2008). After Application for Transfer was denied, the court issued its mandate on February 26, 2009.

In the Southern District appeal, Shelter had contended that King's vehicle was not uninsured because USAA voluntarily paid Plaintiffs benefits equal to the amount required by Missouri law, in accordance with the following language contained in King's USAA policy: "If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, your policy will provide at least the minimum amounts and types of coverages required by law." *Id.* at 326–27. The Southern District, however, concluded that because no Missouri law required King to have liability insurance in accordance with Missouri's financial responsibility minimums, the language of the policy did not obligate USAA to pay these minimums. *Id.* The Southern District specifically stated that USAA's offer to pay the statutory minimum did not override the policy's language.

*Lift of Stay Order and Subsequent Filings*

Defendants subsequently moved the trial court to lift the stay in this action,

contending the underlying matter on appeal was concluded. Shelter filed a Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement; USAA filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment. Shelter subsequently filed an Amended Motion to Dismiss. On March 24, 2009, Plaintiffs filed a Motion to Stay Ruling on Defendant USAA's Motion to Dismiss, averring that the Circuit Court of Oregon County had not yet made its final ruling in the underlying matter and asking the court either to stay its ruling on USAA's motion or to deny the motion. In the event the court determined to hear the motion, Plaintiffs also requested to be allowed at least six months to conduct discovery.

On April 23, 2009, the trial court sustained Defendants' motions to lift the stay, announced that it would treat Defendants' motions to dismiss and alternative motions for summary judgment as summary-judgment motions, gave Plaintiffs thirty days to file their response to the motions, and allowed Defendants five days to file a reply to Plaintiffs' response.

*The Summary Judgment and Dismissal Motions*

In its Motion for Summary Judgment, USAA argued that, as to Plaintiffs' tortious-interference-with-contractual-relations count, the alleged interference by USAA did not induce or cause a breach of Plaintiffs' business expectancy because the Southern District determined USAA's offer to increase its limits was ineffective and irrelevant to override the policy's language. USAA further contended that Plaintiffs failed to allege that a breach was induced or caused by USAA's alleged intentional interference and therefore failed to assert a claim based on tortious interference with a contractual relationship. As to Plaintiffs' conspiracy-to-commit-

fraud count, USAA argued that Plaintiffs did not allege with the required particularity their claim of fraud against USAA, thus failing to state a cause of action for civil conspiracy against Defendants. In support of its motion, USAA submitted a copy of a June 25, 2007 Interlocutory Order issued by the Oregon County circuit court and a memorandum of law. In this supporting memorandum, USAA additionally argued that Plaintiffs were collaterally estopped from bringing their cause of action because Plaintiffs were attempting to relitigate an issue of coverage already determined by a Missouri court. USAA also asserted in its memorandum that because USAA was contractually obligated by the language of King's policy and the law of Missouri to provide coverage of $25,000 per person and $50,000 per accident, USAA had justification for the alleged interference.

In its Amended Motion to Dismiss, Shelter argued that, as to the conspiracy-to-commit-fraud count (Plaintiffs' only count directed against Shelter), Plaintiffs failed to plead sufficient facts to state a claim for damages. Shelter further argued Plaintiffs failed to sufficiently state an underlying wrongful act or tort that would give rise to a conspiracy claim and failed to plead with any degree of particularity the false and material representations made by Defendants. In support of its motion, Shelter referenced the Petition and submitted a copy of the Southern District opinion.

In their response to Shelter's argument that Plaintiffs did not sufficiently plead their damages, Plaintiffs claimed that as a consequence of the Defendants' conspiracy, Plaintiffs incurred additional attorneys' fees and costs they would not have otherwise incurred in prosecuting the Oregon County case. Plaintiffs additionally asserted that Landon Adams's health was

compromised as a result of their inability to pay for and obtain needed medical treatment, and that their inability to pay medical bills damaged their credit. They also claimed the conspiracy caused them mental pain and suffering.

As to Shelter's assertion that their allegations of false and material representations were not pleaded with the required degree of particularity, Plaintiffs argued Shelter's failure to move for a more definite statement as to the averments of fraud waived any objection as to the particularity of the averments. Plaintiffs contended that the court should deny Shelter's motion and allow Plaintiffs reasonable discovery to determine what facts support their claims.

Finally, Plaintiffs maintained that Defendants' motions were premature and that Plaintiffs had not been afforded any discovery due to the stay order. Plaintiffs' counsel submitted his affidavit, which indicated that the parties had been unable to engage in written or oral discovery until the stay order was lifted on April 23, 2009, and that Plaintiffs had a good-faith basis to believe a conspiracy existed between Defendants and needed to engage in discovery to present facts supporting this belief.

As to USAA's claim that Plaintiffs were collaterally estopped from asserting their claim, Plaintiffs first contended that the Southern District's opinion confirmed USAA acted without any legal basis in increasing its liability, giving rise to a claim for tortious interference with contract. Plaintiffs then argued that they were not collaterally estopped from pursuing their claim against USAA because neither USAA nor King was a party to the Oregon County declaratory judgment action.

Plaintiffs responded to USAA's "no breach" argument by stating that USAA's actions caused Shelter to breach its contract with them and to fail to pay money owed to Plaintiffs. They asserted that whether USAA's actions prompted Shelter to breach the contract was a factual issue for the jury to determine.

Plaintiffs argued that USAA also waived its objection to pleading fraud with particularity by failing to file a motion for more definite statement. Plaintiffs again objected to the motions as premature and maintained the need for discovery to support their allegations of fraud.

USAA filed a reply to Plaintiffs' response, and attached a copy of an April 15, 2009 Judgment entered in the Oregon County action. In this April 15 Judgment, the circuit court held that Plaintiffs were entitled to the contracted-for amount under each of their Shelter insurance policies, that the policies should be stacked, and that Plaintiffs were entitled to uninsured motorist benefits from Shelter in the amount of $200,000. In its reply, USAA argued that Plaintiffs would have incurred increased attorney's fees regardless of USAA's position, because Shelter would not have paid what Plaintiffs demanded and thus, they still would have had to pursue their claim that the policies required stacking of limits. Regarding Plaintiffs' claim of insufficient time to conduct discovery, USAA averred that Plaintiffs had not served interrogatories or set depositions and were unable to point to any discovery that would be relevant in light of the Southern District's ruling.

In a supplemental response to Defendants' motions, Plaintiffs argued the Oregon County court's ruling established that Shelter breached its contracts of insurance with them and conclusively proved breach in connection with Plaintiffs' claims for tortious interference with contractual relations and conspiracy to commit fraud.

*The Trial Court's Judgment in the City of St. Louis*

The trial court issued its Memorandum, Order and Judgment (Judgment) on August 3, 2009. In this Judgment, the court noted Plaintiffs had objected the summary judgment motions were premature, complaining that, due to the previous stay order, they had been afforded little or no opportunity for discovery. The court indicated that it perceived no need for further discovery on the issues raised by Defendants' motions, and announced that the only items outside the pleadings it would consider were the opinions and orders entered by the Southern District Court of Appeals and the circuit court in the parallel litigation involving Plaintiffs and Shelter.

The trial court noted that, after the Southern District determined King was uninsured and remanded the matter, the Oregon County circuit court found in favor of Plaintiffs and held they were entitled to uninsured motorist benefits from Shelter in the amount of $200,000. Although the trial court determined Plaintiffs were not estopped by the Southern District or circuit court judgments, the court concluded as to their tortious-interference-with-contractual-relations count that, as a matter of law, Plaintiffs could not show there was an absence of justification for USAA's offer to increase its policy limits.

Further finding that Plaintiffs' petition was "bereft of any allegations that either Defendant made a false representation of fact upon which Plaintiffs relied to their detriment," the trial court held that Plaintiffs' Count III wholly failed "to state a claim for relief, either for fraudulent misrepresentation or for conspiracy to commit fraud." The court further determined Plaintiffs did not and could not allege that either defendant committed a tortious act or agreed to commit a tortious act, and

concluded no claim for conspiracy was stated. After indicating that it saw "no realistic likelihood that Plaintiffs could amend their Petition to state a viable claim," the trial court declined to make provision for leave to amend, and granted summary judgment to Defendants.

Thereafter, Plaintiffs filed a Motion to Reconsider on August 19, 2009, which was heard and taken under submission on October 1. The trial court denied Plaintiffs' motion on October 8. Plaintiffs filed their Notice of Appeal on October 19, 2009. This appeal follows.

*Points on Appeal*

Plaintiffs raise three points on appeal. First, Plaintiffs claim the trial court erred in granting summary judgment in favor of USAA and Shelter because the trial court sua sponte raised, and based its ruling on, matters outside the scope of any issues raised in Defendants' Motions for Summary Judgment or Plaintiffs' Response. Second, Plaintiffs claim the trial court erred in granting summary judgment in favor of Defendants based on the trial court's determination that Plaintiffs could not prove absence of justification as a matter of law, because absence of justification is an issue of fact, not a matter of law. Finally, Plaintiffs claim the trial court erred in denying Plaintiffs' motion for additional time to conduct discovery, in violation of Plaintiffs' due process rights.

*Discussion*

■ The Judgment below addressed Plaintiffs' two remaining claims: tortious-interference with contractual relations, directed only to USAA, and conspiracy to commit fraud, directed against both Defendants. Plaintiffs' tortious-interference-with-contract claim would require them to prove: 1) a contract; 2) USAA's knowledge of the contract; 3) intentional inter-

ference by USAA inducing or causing a breach of the contract; 4) absence of justification; and 5) damages. *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 863 (Mo.App. E.D.2000). For their claim of conspiracy, Plaintiffs would need to show: 1) two or more persons; 2) with an unlawful objective; 3) after a meeting of the minds; 4) committed at least one act in furtherance of the conspiracy; and 5) plaintiffs thereby suffered damage. *Id.* at 864.

In its entry of judgment in favor of Defendants and against Plaintiffs on both of Plaintiffs' claims, the trial court "ORDERED, ADJUDGED AND DECREED that the motions of [USAA] and [Shelter] for summary judgment be and the same are hereby granted, there being no genuine issue of material fact and Defendants being entitled to judgment as a matter of law." Although the Judgment purports to grant summary judgment to Defendants and against Plaintiffs on both claims, our examination reveals an important distinction between the court's rulings on the two claims, a difference that necessarily impacts the standard we employ upon review, and our consideration of Plaintiffs' points on appeal.

■ As an initial matter, we note that in disposing of Plaintiffs' conspiracy count, the trial court considered only the pleadings, and concluded Plaintiffs failed to state a claim for relief. Consequently, we will review the trial court's ruling on Plaintiffs' conspiracy claim as a grant of a motion to dismiss. Where a trial court rules, as a matter of law, that a petition fails to state a cause of action, the trial court's ruling, even if entered in response to motion for summary judgment, will be reviewed as the grant of a motion to dismiss. *George Ward Builders, Inc. v. City of Lee's Summit*, 157 S.W.3d 644, 646 (Mo. App. W.D.2004). As our analysis of the

court's ruling on the conspiracy count is dependent, in part, on our determination concerning the court's ruling on Plaintiffs' claim for tortious interference with contractual relations, we turn our attention first to that ruling.

Although the trial court previously notified the parties that Defendants' motions would be treated as motions for summary judgment, in its subsequent Judgment the trial court acknowledged the strictures of *Wallingsford v. City of Maplewood*, 287 S.W.3d 682 (Mo. banc 2009), and announced it would consider only the pleadings and the two opinions in the Oregon County matter in its disposition of the tortious-interference-with-contractual-relations count. Because the trial court considered materials outside the pleadings in rendering judgment on Plaintiffs' tortious-interference-with-contractual-relations count, the proper standard of review is not that applied to a trial court's dismissal for failure to state a claim, or for judgment on the pleadings, but rather, that for summary judgment. *See Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 197 (Mo.App. E.D.2009) (dismissal for failure to state claim upon which relief can be granted is challenge to sufficiency of petition); *Twehous Excavating Co. Inc. v. L.L. Lewis Inv., L.L.C.*, 295 S.W.3d 542, 545–46 (Mo.App. W.D.2009) (motion for judgment on pleadings presents question whether moving party is entitled to judgment as matter of law on face of pleadings; if matters outside pleadings are considered, motion treated as one for summary judgment under Rule 74.04).

"The propriety of a summary judgment is purely an issue of law which an appellate court reviews de novo on the record submitted." *Southard v. Buccaneer Homes Corp.*, 904 S.W.2d 525, 528 (Mo.App. S.D. 1995). The criteria on appeal are no different from those that should be employed

by the trial court in its determination of the propriety of granting the motion initially. *ITT Commercial Fin. v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993).

The trial court concluded that USAA's offer to increase its policy limits could not be considered tortious interference with contract. In reaching this conclusion, the court found that the language in King's USAA insurance policy (contained in the two considered opinions) could be interpreted to require such an offer. Accordingly, the trial court held that Plaintiffs could not show the tort's required absence-of-justification element because USAA made the offer prior to the Southern District's determination that USAA did not have a legal obligation to make the offer.[2] After holding that, as a matter of law, Plaintiffs could not show an absence of justification for USAA's offer to increase its policy limits, the trial court granted judgment for USAA on Plaintiffs' tortious-interference-with-contractual-relations claim.

■ However, under the circumstances, a grant of summary judgment on either of Plaintiffs' counts would be inappropriate because the trial court did not require the parties to comply with the specific procedures set forth in Rule 74.04. *Wallingsford*, 287 S.W.3d at 686–87. Rule 74.04(c) requires summary judgment movants not only to state summarily the legal basis for their motion and file a legal memorandum explaining why summary judgment should be granted, but also to submit a statement of uncontroverted material facts. *Id.* In pertinent part, the rule states that motions for summary judgment must set out with particularity material facts "with specific references to the pleadings, discov-

ery, exhibits or affidavits" in asserting the lack of a genuine issue of fact. Mo. R. Civ. P. 74.04(c)(1) (2009). Summary judgment borders on a denial of due process; therefore, strict compliance with the rule's requirements is necessary to prevent summary judgment proceedings "from crossing over the border." *Jones v. Hous. Auth. of Kansas City*, 118 S.W.3d 669, 674 (Mo.App. W.D.2003).

■ Neither USAA nor Shelter submitted a statement of uncontroverted facts. Shelter filed only an Amended Motion to Dismiss, arguing that the Petition failed to state a claim and to plead with particularity the false and material representations made by Defendants. Shelter's motion referenced only Plaintiffs' Petition and the Southern District opinion to support its argument for dismissal. In its Motion for Summary Judgment, USAA argued that its alleged interference did not induce or cause a breach and that Plaintiffs failed to so allege. USAA also argued that Plaintiffs did not allege their claim of fraud with the necessary particularity. To support its motion, USAA submitted only a copy of an Interlocutory Order issued in the Oregon County matter and a memorandum of law. This memorandum expanded USAA's argument to assert collateral estoppel and justification.

Clearly, neither Defendant was required to comply substantially with the requirements of Rule 74.04; moreover, each defendant was allowed to raise new factual issues, grounds and arguments to which Plaintiffs were not afforded a sufficient opportunity to respond. *Wallingsford*, 287 S.W.3d at 686–87. Only eight days after the Oregon County circuit court issued its judgment, the trial court lifted the stay,

---

**2.** Although our determination of the propriety of the trial court's grant of summary judgment does not require us to reach this issue, we do address the absence-of-justification element in our discussion of the trial court's dismissal of Plaintiffs' conspiracy count.

announced its decision to treat Defendants' motions as ones for summary judgment, and required Plaintiffs to file any response within thirty days. Here, the trial court did not require Defendants to proceed with their motions in accordance with Rule 74.04, and did not provide the parties opportunity to conduct any discovery prior to proceeding summarily.

Defendants' lack of compliance, coupled with the prejudice caused to Plaintiffs, necessarily requires reversal as to the trial court's grant of summary judgment on Plaintiffs' tortious-interference count. *Id.* at 686–87. Accordingly, we reverse the trial court's grant of summary judgment for Defendants and remand the matter for further proceedings, with the instruction that the Plaintiffs be afforded adequate time to conduct discovery and to amend their pleadings accordingly, if required. "When faced with a motion for summary judgment asserting that a claimant cannot prove all the essential elements of the cause of action asserted, the motion can only be sustained after the claimant is entitled to a reasonable period of discovery." *Eastwood v. N. Cent. Mo. Drug Task Force*, 15 S.W.3d 65, 70 (Mo.App. W.D.2000).

■ We next consider the court's ruling as to Plaintiffs' conspiracy-to-commit fraud count, treating it as a grant of a motion to dismiss. *George Ward Builders, Inc.*, 157 S.W.3d at 646. A motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the sufficiency of the petition. *Chochorowski*, 295 S.W.3d at 197. Upon review, we assume all pleaded facts are true, giving the pleadings their broadest intendment and construing all allegations favorable to the plaintiff. *Id.* It is not our function to weigh the allegations to determine their credibility or persuasiveness. *Id.* Rather, we review

the petition almost academically to determine if the facts alleged meet the elements of a recognized cause of action, or a cause that could be brought in the case. *Id.* Determination of factual questions or whether the party is entitled to relief on the merits is not appropriate on a motion to dismiss. *Id.*

■ We conclude that Plaintiffs' conspiracy count alleged enough facts to survive a motion to dismiss. *Chochorowski*, 295 S.W.3d at 197. Plaintiffs allege Defendants, with the objectives of unlawfully depriving Plaintiffs of their right to recover their contracted-for uninsured motorist benefits from Shelter and reducing each Defendants' financial exposure, determined between themselves that USAA would increase King's coverage, and that USAA did so. These allegations would support the first four conspiracy claim elements. *See Misischia*, 30 S.W.3d at 864 (elements for conspiracy include: 1) two or more persons; 2) with unlawful objective; 3) after meeting of minds; 4) committed at least one act in further of conspiracy; 5) thereby causing damage to plaintiffs). Plaintiffs' allegation that Shelter's subsequent refusal to pay the uninsured motorist benefits caused them to suffer damages, including increased attorney's fees and mental pain and suffering, would support the fifth element. A cause of action for conspiracy is necessarily premised upon an underlying tort claim. *Id.* Because Plaintiffs' conspiracy count is based on their tortious-interference-with-contractual-relations claim, we examine the sufficiency of the allegations as to that claim, as well.

■ We further conclude Plaintiffs' tortious-interference claim sufficiently alleges the existence of a contract with Shelter; USAA's knowledge of the contract; intentional interference by USAA inducing or causing a breach of the contract by

Shelter; and resulting damage to Plaintiffs. *Misischia*, 30 S.W.3d at 863. Not every interference with contractual relations gives rise to a claim for damages; however, where such interference is wrongful, a cause of action exists. *Pillow v. Gen. Am. Life Ins. Co.*, 564 S.W.2d 276, 283 (Mo.App.1978).

■ Although no liability for procuring a breach of contract exists if the breach results from an act one has a definite legal right to perform without any qualification, "[i]t is not justification to knowingly procure the breach of a contract where the defendant acted with an improper purpose and sought not only to further his own interests, but in doing so employed improper means." *Id.* at 281–82. Plaintiffs' claim that, in return for a benefit conferred by Shelter, USAA "liberalized" its policy, offering Plaintiffs a larger sum than it was required by Missouri law to pay and informing Shelter of this offer prior to Shelter's denial of benefits, if true, is an allegation from which one could infer: 1) that USAA acted with the improper purpose of enabling Shelter to evade paying uninsured motorist benefits to Plaintiffs; 2) that USAA sought to further its and Shelter's interests by minimizing their combined financial exposure; and 3) that USAA employed improper means to do by acting in concert with Shelter. Accordingly, we also conclude that Plaintiffs allege enough facts to support absence of justification. *Id.*

Accepting all properly pleaded facts as true, giving the pleadings their broadest intention, and construing all allegations favorably to Plaintiffs, we cannot agree with the trial court's determination that the Petition failed to show any ground for relief, nor with the court's conclusion that there was "no realistic likelihood that Plaintiffs could amend their Petition to state a viable claim[.]" *Chochorowski*, 295 S.W.3d at

197. The trial court erred in dismissing Plaintiffs' conspiracy to commit fraud count.

### Conclusion

The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.