

# Missouri Court of Appeals
## Southern District

### In Division

ANNIE WILLIAMS, )
                                 )
       Plaintiff-Appellant, )
                                 )
v. ) No. SD38072
                                 ) Filed: September 30, 2024
HUTCHESON ENTERPRISES, INC. )
and TITLE CASH OF MISSOURI, INC., )
                                 )
       Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett, Circuit Judge

### **AFFIRMED**

Plaintiff Annie Williams (Williams) appeals from the trial court's grant of summary judgment to Defendant Hutcheson Enterprises, Inc. (Hutcheson). Williams worked as a manager at a store owned and operated by Title Cash of Missouri, Inc. (Title Cash) beginning in 2017. She was terminated in 2018 and filed a lawsuit alleging unlawful discrimination and retaliation.[1] On appeal, Williams argues that the trial court erred in granting summary

---

[1] As the caption indicates, Williams sued Hutcheson and Title Cash. The trial court initially entered an order granting Hutcheson's motion for summary judgment. Thereafter, the trial court granted a motion to dismiss filed by Title Cash. That ruling, which Williams does not challenge, disposed of the last pending claim in the case and made the summary judgment ruling final for purposes of appeal.

judgment to Hutcheson because there were genuine disputes of material fact on the question of whether Hutcheson was her employer. We conclude that no such issue of material fact existed and that Hutcheson was entitled to judgment as a matter of law. Therefore, we affirm the trial court's judgment.

*Standard of Review*

Summary judgment shall be granted if "the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" Rule 74.04(c)(6); ***Jungers v. Webster Elec. Coop., Inc.***, 577 S.W.3d 498, 500 (Mo. App. 2019).[2] Facts enter a summary judgment record "*only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework[,]" and we therefore review summary judgment based on the Rule 74.04(c) record, not the whole trial court record. ***Jones v. Union Pac. R.R. Co.***, 508 S.W.3d 159, 161 (Mo. App. 2016) (italics in original). "We view the record in the light most favorable to the non-moving party, drawing all inferences in that party's favor." ***Progressive Max Ins. Co. v. Hopkins***, 531 S.W.3d 649, 651 (Mo. App. 2017). "Summary judgment should not be granted unless the evidence could not support any reasonable inference for the non-moving party." ***Grissom v. First Nat. Ins. Agency***, 364 S.W.3d 728, 732 (Mo. App. 2012). A defending party is entitled to summary judgment if that party shows one of the following:

> (1) facts negating any one of the claimant's elements; (2) that the party opposing the motion has presented insufficient evidence to allow the finding of the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support a properly pleaded affirmative defense.

---

[2] All rule references are to Missouri Court Rules (2021). All statutory references are to RSMo Cum. Supp. (2018), unless otherwise specified.

*Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc.*, 155 S.W.3d 50, 58-59 (Mo. banc 2005). The granting of summary judgment is an issue of law which we review *de novo*. *Jungers*, 577 S.W.3d at 500.

*Factual and Procedural Background*

Williams filed a petition on December 21, 2018, alleging unlawful discrimination and retaliation under the Missouri Human Rights Act (MHRA) by her purported employer, Hutcheson. On November 25, 2019, the trial court granted Williams leave to amend her petition, adding Title Cash as a defendant. Williams' first amended petition stated that "[f]or all relevant purposes, [Hutcheson] does business in Missouri as [Title Cash], Cash Country, or Loanmaster."

On September 17, 2021, Hutcheson filed a motion for summary judgment, a memorandum in support, and a statement of uncontroverted material facts (SUMF). Hutcheson's sole argument supporting its motion was that Williams had been employed by Title Cash, not Hutcheson, and therefore Hutcheson could not be held liable as an employer under the MHRA. Hutcheson's SUMF included the following paragraphs:

5. At all times relevant in Plaintiff's Petition, Plaintiff was employed by Title Cash.

6. Plaintiff's employment agreement is with Title Cash.

7. Plaintiff signed a "Terms of Employment" document with Title Cash.

8. Plaintiff signed a W-4 for employee tax withholdings with Title Cash.

9. Plaintiff received a W-2 for her income earned from Title Cash in relation to her employment with Title Cash and has never received a W-2 or 1099 from Hutcheson.

10. The store Plaintiff worked for is owned and operated by Title Cash, not Hutcheson.

11. Hutcheson performs certain business services for Title Cash such as payroll processing, coordinating health insurance for Title Cash, retaining business records and various other business services.

12. No Hutcheson employees regularly work at Title Cash in Poplar Bluff, Missouri.

13. Hutcheson never employed Plaintiff.

14. Plaintiff has not produced any documents or information indicating she was ever employed by Hutcheson.

15. Plaintiff was terminated from her employment that is the subject of this lawsuit by Title Cash Regional Manager, Shane Maue.

16. After her termination by Title Cash, Plaintiff sought unemployment benefits from Title Cash, not Hutcheson.

17. Plaintiff's Unemployment Benefits were initially denied, and Plaintiff's Appeal was in relation to unemployment benefits with Title Cash, not Hutcheson.

All of these paragraphs were supported by specific references to the pleadings, discovery, exhibits or affidavits as required by Rule 74.04(c)(1). Hutcheson's SUMF for paragraphs 5 and 10-13 were supported by an affidavit from Hutcheson's human resources coordinator. This affidavit stated, in relevant part, that: (1) business services provided by Hutcheson to Title Cash included payroll processing, coordinating health insurance for Title Cash employees, and acting as the business records custodian for Title Cash; (2) Hutcheson never employed Williams at any time; and (3) Williams was an employee of Title Cash during the time periods relevant to Williams' lawsuit.

Williams admitted paragraphs 5-12 and 15-17 of Hutcheson's SUMF. She denied paragraphs 13 and 14, referencing two exhibits attached to her response. Exhibit 1 was an "Employee Exit review" record dated April 12, 2018, which showed Williams' supervisor was Shane Maue. It also included a signature line for the "HE Rep.'s Initials" bearing a stamp that stated: "APPROVED by Cecelia Kratochvil at 9:15 am, Apr 12, 2018." Exhibit

2 was a document listing various phone numbers for Hutcheson's personnel. Cecelia Kratochvil was listed as manager of "Human Resources/Payroll." The trial court granted Hutcheson's motion for summary judgment on April 22, 2022. This appeal follows.

*Discussion and Decision*

The primary issue in dispute is whether, based on the summary judgment record, there was a genuine issue of material fact concerning Williams' purported employment by Hutcheson at the time of the alleged discrimination and retaliation. Williams asserted claims pursuant to § 213.055 and § 213.070. Section 213.055 states in relevant part:

> 1. It shall be an unlawful employment practice:
>
> (1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual:
>
> (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability[.]

§ 213.055.1(1)(a). Section 213.070 states in relevant part:

> 1. It shall be an unlawful discriminatory practice for an employer, employment agency, labor organization, or place of public accommodation:
>
> …
>
> (2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter[.]

§ 213.070.1(2).

Section 213.070.2 establishes that Chapter 213, "in addition to chapter 285 and 287, shall provide the exclusive remedy for any and all claims for injury or damages *arising out*

*of an employment relationship.*" (Emphasis added.) Missouri courts have interpreted the MHRA's employment discrimination provisions to require an employer-employee relationship. *Alton v. Missouri Dep't of Pub. Safety*, 456 S.W.3d 134, 137-38 (Mo. App. 2015); *Coleman v. Carnahan*, 312 S.W.3d 377, 380 (Mo. App. 2010); *Sloan v. Bankers Life & Cas. Co.*, 1 S.W.3d 555, 562 (Mo. App. 1999). Our Supreme Court has held that "the ability to pursue a claim under section 213.070.1, absent an employer-employee relationship, does not plainly follow from relevant statutory provisions." *State ex rel. Swoboda v. Missouri Comm'n on Human Rights*, 651 S.W.3d 800, 813 (Mo. banc 2022).[3] Williams was required, therefore, to show that an employer-employee relationship existed between Hutcheson and herself.

The MHRA defines "employer" as:

a person engaged in an industry affecting commerce who has six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and shall include the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state but does not include corporations and associations owned or operated by religious or sectarian organizations[.]

§ 213.010(8). In this context, a "person" is defined to include both individuals and corporations. § 213.010(15). Chapter 213 contains no definition of "employee," but in *Howard v. City of Kansas City*, 332 S.W.3d 772 (Mo. banc 2011), our Supreme Court considered a number of factors in determining whether a person was an employee under the

---

[3] The Court in *Swoboda* did not explicitly hold that an employer-employee relationship is required – instead, it determined that, in the absence of an employer-employee relationship, the respondent had not shown a clear right to pursue discrimination claims that would entitle him to a writ of mandamus. Nonetheless, we find the Court's reasoning persuasive in our conclusion that an employer-employee relationship is required for MHRA discrimination claims. In particular, the Court identified several changes made by a 2017 amendment to Chapter 213, which narrow the scope of claims under the statute. *Swoboda*, 651 S.W.3d at 811-812.

MHRA, including the payment of a fixed salary, the employer's designation of the person as an employee, and the provision of resources necessary for the performance of work duties. *Howard*, 332 S.W.3d at 780-85. In the context of principal-agent liability, our Supreme Court has held that an employer-employee relationship requires an employer with the "right to control" the employee. *Central Tr. & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 312, 323 (Mo. banc 2014).

Williams' claim that she was an employee of Hutcheson is based on her assertion that Title Cash was essentially a corporate extension of Hutcheson. Her first amended petition alleged the following:

2. Defendant [Hutcheson] is an Alabama corporation, that operates over three hundred consumer loan offices in several states. For all relevant purposes, Defendant does business in Missouri as [Title Cash], Cash Country, or Loanmaster.

3. Defendant [Title Cash] is a related entity to Defendant [Hutcheson].

4. Plaintiff began working for Defendants in 2017 as a manager of one of its stores in Poplar Bluff, Missouri.

No other grounds for establishing Hutcheson's liability as an employer were presented in Williams' first amended petition.

There is no genuine dispute of material fact that Williams was not a direct employee of Hutcheson. Williams' claim that Hutcheson does business in Missouri as Title Cash is refuted by business records submitted by Hutcheson, which show that the two corporations are separate entities, as well as by the affidavit from Hutcheson's human resources coordinator. Hutcheson's SUMF asserted that Williams was employed by Title Cash, signed an employment agreement with Title Cash, worked at a store owned and operated by Title Cash, and that she was terminated by a Title Cash manager. Williams admitted all of these factual statements. The only evidence submitted by Williams into the summary

7

judgment record was a form approving her termination, which was signed by both her Title Cash manager and a Hutcheson employee. The signature of the Hutcheson employee is consistent with Hutcheson's assertion that they provide various human resources services to Title Cash. It does not, however, create a genuine issue of material fact concerning Williams' claim that Hutcheson does business in Missouri as Title Cash, or that Hutcheson was in any way Williams' employer. *See Shiffman v. Kansas City Royals Baseball Club, LLC*, 687 S.W.3d 443, 462 (Mo. App. 2024) (holding that neither exhibit relied upon by the appellant refuted "any of the Royals' statements of undisputed material fact or affirmatively state[d] a genuine issue of material fact sufficient to defeat summary judgment"). The only entity whom the evidence shows had any right to control Williams was Title Cash, and the summary judgment record contains no other evidence that demonstrates any employer-employee relationship between Hutcheson and Williams.

In response to Hutcheson's motion for summary judgment, and on appeal, Williams argued that Hutcheson and Title Cash should be considered joint employers, thus subjecting both entities to liability for Williams' MHRA claims. This argument fails for two reasons.

First, Williams' argument for joint employer liability relies on cases that were decided under a prior version of the MHRA. Before the 2017 amendment to the MHRA, its definition of "employer" included "any person directly acting in the interest of an employer[.]" § 213.010(7) RSMo (2016). Williams' argument uses the joint employer analysis from cases decided before 2017, in which courts sought to determine whether one company acted in the interest of another. *Tolentino v. Starwood Hotels & Resorts Worldwide Inc.*, 437 S.W.3d 754, 757 (Mo. banc 2014); *Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 78 (Mo. App. 2015). The current version of § 213.010, however, contains no mention of a person acting in the interest of the employer. Instead, the statute now requires

8

an employer to directly employ six or more employees in the state. § 213.010(8). We are aware of no Missouri cases that have applied the joint employer analysis cited by Williams to the post-2017-amendment definition of "employer" in the MHRA.[4] Williams has not shown why that analysis should still apply under the new, more limited definition of "employer."

Second, Williams' argument that Hutcheson and Title Cash were joint employers was raised for the first time in her suggestions in opposition to Hutcheson's motion for summary judgment. Her first amended petition, in contrast, alleges that Hutcheson was her employer because it "does business in Missouri" as Title Cash. These theories of liability for Hutcheson are entirely different. "[A] defendant/movant, to be entitled to summary judgment on the entire claim of the plaintiff, must demonstrate that he or she is entitled to judgment as a matter of law on any theory of recovery within the scope of the plaintiff's petition." *Moreland v. Farren-Davis*, 995 S.W.2d 512, 516 (Mo. App. 1999). Williams' theory that Hutcheson and Title Cash were joint employers was not within the scope of her petition. Therefore, Hutcheson was not required to address this new theory, and Williams is not entitled to rely upon it to avoid summary judgment.

In sum, Williams claimed she was employed by Hutcheson, which she had to prove in order to prevail on her pleaded theories. As a defending party, Hutcheson was entitled to judgment as a matter of law because it presented facts negating one of the claimant's elements. *See Ameristar Jet Charter, Inc.*, 155 S.W.3d at 58-59. Hutcheson presented

---

[4] A federal court discussing the joint employer issue in a post-amendment MHRA claim noted that "[c]onsidering the definition of employer under the MHRA no longer contains the 'directly acting in the interest of an employer' language, it is unclear what test would apply." *Osborne v. Nixa Fire Protection Dist.*, --- F.3d ----, 2020 WL 3317610, *2 (W.D. Mo. June 18, 2020).

9

facts negating Williams' claim that Hutcheson employed her by doing business as Title Cash. Williams failed to show that there was a genuine issue of material fact about whether she was employed by Hutcheson. Therefore, the trial court properly granted summary judgment in favor of Hutcheson on Williams' claims of discrimination and retaliation. Point 1 is denied.

The judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCUR

BECKY J.W. BORTHWICK, J. – CONCUR